2022 IL App (1st) 211431-U

No. 1-21-1431

Order filed September 29, 2022

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 11 CR 1680 |
| | ) | |
| RAFAEL VIQUEZ, | ) | Honorable |
| | ) | Neera Walsh, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Lampkin and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the summary dismissal of defendant's postconviction petition where he lacked standing to file the petition because he had completed his sentence for the conviction at issue.

¶ 2    Defendant Rafael Viquez appeals from the summary dismissal of his petition filed pursuant to the Post-Conviction Hearing Act (Act), 725 ILCS 5/122-1 *et seq.* (West 2020). He contends his petition stated at least the gist of a meritorious claim that his guilty plea resulted from trial counsel misinforming him he would not face deportation for his conviction. The State responds that

defendant lacked standing to bring his petition under the Act because he had completed his sentence before he filed it. We affirm.

¶ 3 Defendant was charged with multiple counts of delivery of a controlled substance and possession of a controlled substance with intent to deliver (720 ILCS 570/401(a), (c) (West 2010)). As charged, the alleged offenses were either Class X or Class 1 felonies.

¶ 4 In 2012, defendant entered a negotiated guilty plea to an amended charge of delivery of a controlled substance as a Class 2 felony (720 ILCS 570/401(d) (West 2010)), in exchange for a sentence of four years' probation with 10 days' community service, fines, and fees.

¶ 5 During the plea hearing, the court admonished defendant: "If you are not a citizen of the United States, pleading guilty to the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization under the laws of the United States." Defendant stated he understood. Counsel told the court that defendant "is not an American citizen, so, therefore, that is a real possibility for him. He is aware of that, and we have discussed that, and he has hired an immigration lawyer with whom I have also consulted."

¶ 6 In February 2015, defendant's motion for early termination of probation was granted, and his probation terminated satisfactorily.

¶ 7 In September 2021, defendant filed his "motion," or petition, for relief under the Act. He sought in the petition to vacate his guilty plea as he "was not aware of the impact or the consequences of the conviction." He alleged trial counsel was ineffective for not properly advising him of the immigration consequences of his plea. Defendant stated that he was "in the process of adjusting into a legal permanent resident of the United States" when he pled guilty on trial

counsel's advice. Counsel had told him he would not be deported or subject to deportation due to his guilty plea. Counsel told him "that his conviction will not have any adverse ramification on his immigration status." Despite the trial court's admonishments regarding immigration consequences, defendant "felt free to plead guilty" based on counsel's "catastrophically wrong" advice. He claimed that, had he "been correctly advised by counsel that a guilty plea would result in severe and harsh immigration consequences," he would not have pled guilty.

¶ 8    On October 1, 2021, the circuit court summarily dismissed defendant's petition. Accepting defendant's allegations as true, the court noted that he "made a sufficient showing that guilty plea counsel acted unreasonably in incorrectly advising him that he would not be deported for pleading guilty to delivery of a controlled substance," as a conviction for the offense "is accompanied by the risk of deportation." However, the court found defendant was not even arguably prejudiced because the trial court had informed him of the potential for deportation or other immigration consequences from his guilty plea. Because defendant pled guilty after being informed of that possibility, his claim – he would not have pled guilty if he knew the immigration consequences – was refuted by the record. This appeal followed.

¶ 9    On appeal, defendant contends the circuit court erred in summarily dismissing his petition because it stated at least the gist of a meritorious claim that his guilty plea resulted from trial counsel misinforming him that he would not face deportation for his conviction.

¶ 10    The State responds that defendant lacked standing to bring his petition under the Act because he had completed his sentence before he filed it. We agree with the State.

¶ 11    The Act provides a three-stage process for postconviction petitions. *People v. Johnson*, 2021 IL 125738, ¶ 24. At the first stage, within 90 days of filing, the circuit court shall dismiss the

petition if the circuit court determines it to be frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2020). If the court does not summarily dismiss the petition within 90 days, it reaches the second stage and is docketed for further proceedings under the Act. *Id.* § 2.1(b); *Johnson*, 2021 IL 125738, ¶ 27. The circuit court summarily dismissed defendant's petition at the first stage. The summary dismissal of a postconviction petition is reviewed *de novo*, with no deference to the circuit court's reasoning. *Johnson*, 2021 IL 125738, ¶¶ 22, 28.

¶ 12     Under the Act, a petition may be brought by a "person imprisoned in the penitentiary." 725 ILCS 5/122-1(a) (West 2020). A petition under the Act may be summarily dismissed for lack of standing if the defendant did not satisfy that requirement. *People v. Johnson*, 2021 IL 125738, ¶ 50. Specifically, summary dismissal is proper if there is no arguable basis in fact or law that would give the defendant standing to challenge his or her conviction. *Id.* ¶ 59.

¶ 13     Actual imprisonment is not required for standing under the Act, and persons serving mandatory supervised release or probation have standing. *Id.* ¶ 62. However, standing arises only from serving a sentence for the conviction attacked in the petition or one sentenced consecutively to the challenged conviction. *Id.* ¶¶ 63-64. Standing arises from the direct consequences of a conviction – the sentence imposed on the plea – and not from collateral consequences. *Id.* ¶ 67. A collateral consequence is an effect on a defendant from an action the trial court did not have the authority to impose, taken by an agency the trial court does not control. *Id.* ¶ 66.

¶ 14     As our supreme court explained in *People v. Carrera*, 239 Ill. 2d 241, 257 (2010), where, as here, a defendant has successfully completed his sentence of probation, he has no standing to seek relief under the Act even if faced with immigration consequences from the conviction. In *Carrera*, a defendant who had completed his sentence for his conviction on a guilty plea brought

a petition under the Act challenging that conviction, arguing that he should not be barred from relief under the Act because he faced deportation as a result of his guilty plea. *Id.* at 245. Our supreme court held that facing deportation was not imprisonment for purposes of standing under the Act. *Id.* at 253.

> "Defendant's detention by the [immigration authorities] is not imprisonment within the meaning of the Act, however, because defendant has already served his Illinois sentence. Given the fact that defendant had fully served his underlying sentence prior to filing his postconviction petition, defendant's liberty was not curtailed by the state in any way." *Id.*

¶ 15      The court found deportation was a collateral consequence of the guilty plea, as "we cannot say that deportation is a consequence that relates to the sentences imposed on the basis of that plea." *Id.* at 256. "The current constraints on defendant's liberty are imposed by the [immigration authorities]. The constraints of defendant's liberty due to his criminal conviction expired with defendant's successful completion of his probation, so that defendant is no longer eligible to seek relief under the Act." *Id.* at 257.

¶ 16      Here, the record establishes that defendant completed his sentence of probation satisfactorily in 2015. Therefore, he had no standing in 2021 to bring a petition under the Act challenging his conviction for delivery of a controlled substance. As it is not arguable that he had standing under the Act to bring his 2021 petition, summary dismissal of that petition was proper. *Johnson*, 2021 IL 125738, ¶ 72.

¶ 17      Accordingly, the judgment of the circuit court is affirmed.

¶ 18      Affirmed.